[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint, filed on December 18, 1989 by Flordiliza Roston (plaintiff) against Circuit-Wise, Inc. (defendant) is in three counts and alleges the following facts. Plaintiff was employed by the defendant as a machine operator from June 10, 1985 through May 8, 1989. On May 8, 1989, the defendant terminated plaintiff's employment as a result of an incident which occurred between the plaintiff and a fellow employee on May 2, 1989.
Count I is a defamation claim against the defendant, and asserts that the defendant knowingly and with malice reported false information about the plaintiff to third persons, as an act of retaliation against the plaintiff for having participated in union organizing activities. Count II is a claim for wrongful discharge, in which the plaintiff contends that the defendant, by terminating plaintiff's employment on account of her pro-union activities, breached a contract found in its own employee manual stating that the defendant's employees shall not be discharged except for just cause. In Count III, the plaintiff asserts a claim of intentional infliction of emotional distress, based upon defendant's actions in firing the plaintiff, which were, according to the latter, undertaken wilfully, maliciously, and with the intent to terminate the plaintiff on account of her pro-union organizing activities among defendant's other employees.
The defendant filed a motion to dismiss, along with a supporting memorandum of law, on March 10, 1992. The defendant claims that the complaint should be dismissed because the plaintiff's claims are pre-empted by federal law and this court lacks subject matter jurisdiction to consider them. The plaintiff filed a memorandum in opposition to the motion to dismiss on April 15, 1992, to which the defendant in turn replied on May 4, 1992.
A motion to dismiss is the proper mechanism by which to raise lack of subject matter jurisdiction. Bridgeport v. Debek,210 Conn. 175, 554 A.2d 728 (1989).
 Our cases have announced two doctrines for determining whether state regulations or causes of action are pre-empted by the NLRA. Under the first, set out in San Diego Building CT Page 8627 Trades Council v. Garmon, 359 U.S. 236
(1959), state regulations and causes of action are presumptively pre-empted if they concern conduct that is actually or arguably either prohibited or protected by the Act. Id., at 245. The state regulation or cause of action may, however, be sustained if the behavior to be regulated is behavior that is of only peripheral concern to the federal law or touches interests deeply rooted in local feeling and responsibility. Id., at 243-244; Sears, Roebuck Co. v. Carpenters, 436 U.S. 180, 200 (1978); Farmer v. Carpenters, 430 U.S. 290, 296-297 (1977). In such cases, the State's interest in controlling or remedying the effects of the conduct is balanced against both the interference with the National Labor Relations Board's ability to adjudicate controversies committed to it by the Act, Farmer v. Carpenters, supra, at 297; Sears, Roebuck Co. v. Carpenters, 436 U.S. at 200, and the risk that the State will sanction conduct that the Act protects. Id., at 205. The second pre-emption doctrine, set out in Machinists v. Wisconsin Employment Relations Comm'n, 427 U.S. 132 (1976), proscribes state regulation and state-law causes of action concerning conduct that Congress intended to be unregulated, id., at 140, conduct that was to remain a part of the self-help remedies left to the combatants in labor disputes, id., at 147-148.
Belknap Inc. v. Hale, 463 U.S. 491, 498-499 (1982).
I Defamation
"The injury that [a defamatory] statement might cause to an individual's reputation . . . has no relevance to the [National Labor Relations] Board's function." Linn v. Plant Guard Workers,383 U.S. 53, 63 (1965). "In Linn v. Plant Guard Workers . . . we held that false and malicious statements in the course of a labor dispute were actionable under state law if injurious to reputation, even though such statements were in themselves unfair labor practices adjudicable by the [National Labor Relations] CT Page 8628 Board." (Emphasis added.) Belknap, Inc. v. Hale, supra, 509-510 (Emphasis added.) "The State . . . has a substantial interest in protecting its citizens from . . . damage to reputation." Farmer v. Carpenter, 430 U.S. 290, 302 (1976).
Count I of the instant complaint, sounding in defamation, asserts that the defendant uttered defamatory statements against the plaintiff in retaliation for plaintiff's union-organizing efforts. The law is well-settled that the state courts' interest in hearing such claims is weighty enough for an exception to federal pre-emption to adhere:
 In Linn v. Plant Guard Workers, 383 U.S. 53 (1965), the plaintiff was defamed during a campaign to organize the employees. The court stated that "labor and management often speak bluntly and recklessly, embellishing their respective positions with imprecatory language." However, the court went on to hold that when such language becomes abusive and is said maliciously, then the state court has an interest in protecting its citizens and an exception to pre-emption would apply.
(emphasis added.) Sullivan v. Griffin Health Services Corporation, 2 Conn. L. Rptr. 510, 512 (September 25, 1990, Meadow, J.) (Emphasis added.) Since Count I frames a cause of action premised strictly upon defamation; it is not pre-empted by federal law, and, therefore, is not dismissed.
II Wrongful Discharge
The plaintiff's claim of wrongful discharge is based upon the alleged breach of an employment contract presumptively found in the defendant's employee manual.
"The interests of the [National Labor Relations] Board and the NLRA, on the one hand, and the interests of the State in providing a remedy to its citizens for breach of contract, on the other are "discrete" concerns, cf. Farmer v. Carpenters, 430 U.S. [290, 304 (1976)]" (Emphasis added.) Belknap, Inc. v. Hale, supra, 512 (Emphasis added.); see also Franza v. Health Services Plan, 4 CSCR 570 (June 21, 1989, O'Neil, J.) (motion to dismiss wrongful discharge/retaliatory firing claim on grounds that it is pre-empted by NLRA denied; injury complained of has no relevance to function of NLRB, and state's interests outweigh any possible interference with NLRB's function).
CT Page 8629 Since Count II of the complaint at issue alleges the breach of a private contract between the plaintiff and defendant, putatively found in the defendant's employee manual, it is not pre-empted by federal labor law.
III Intentional Infliction of Emotional Distress
Although "[t]here is, to be sure, some risk that the state cause of action for infliction of emotional distress will touch on an area of primary federal concern," the U.S. Supreme Court notes that "our decisions permitting the exercise of state jurisdiction in tort actions based on violence or defamation has not rested on the history of the tort at issue, but rather on the State's interest in protecting the health and well-being of its citizens." Farmer v. Carpenters, supra, 302-303 (Emphasis added.)
"The State . . . has a substantial interest in protecting its citizens . . . from emotional distress caused by outrageous conduct." Id., 302; see also Green v. New London Education Association, 2 Conn. 1. Rptr. 512 (September 26, 1990, Axelrod, J.) (a claim by an employee against a union for negligent infliction of emotional distress caused by union's failure to fulfill its duty of fair representation is not pre-empted by NLRA).
"[I]n Farmer v. Carpenters. 430 U.S. 290 (1976), we held that the [National Labor Relations] Act did not pre-empt a state action for intentionally-inflicted emotional distress, even though a major part of the cause of action consisted of conduct that was arguably an unfair labor practice." Belknap, Inc. v. Hale, supra, 509-510.
Since Count III of the present complaint frames a cause of action strictly premised upon the intentional infliction of emotional distress, it is not pre-empted by federal labor law.
For the foregoing reasons, the defendant's motion to dismiss is denied.
Thomas V. O'Keefe Jr., Judge CT Page 8630